UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNABELLA BRITTAIN,<br><br>        Plaintiff,<br><br>  v.<br><br>INDYMAC BANK, FSB, a business entity form unknown; AMERICAN RESIDENTIAL MORTGAGE CORPORATION, a business entity; QUALITY LOAN SERVICE CORP., a business entity form unknown; and DOES 1 through 25, inclusive,<br><br>        Defendants. | No. C-09-2953 SC<br><br>ORDER GRANTING MOTION<br>TO DISMISS |

## I. **INTRODUCTION**

On July 29, 2009, Defendant Onewest Bank, FSB ("Defendant" or "Onewest") filed a Motion to Dismiss.[1] Docket No. 8. Plaintiff Annabella Brittain ("Plaintiff") filed an Opposition and Defendant submitted a Reply. Docket Nos. 12, 13. The other named Defendants, American Residential Mortgage Corporation ("American") and Quality Loan Service Corporation ("Quality"), did not participate in the Motion to Dismiss. Having considered the briefing, the Court GRANTS Defendant's motion.

---

[1] Defendant is successor in interest to certain assets and liabilities of IndyMac Bank, FSB.

## II. BACKGROUND

On September 16, 2005, Plaintiff received a mortgage loan for $497,000 from IndyMac Bank, F.S.B., secured by property located at 340 Vallejo Drive, Unit 78, Millbrae, California. Request for Judicial Notice ("RJN") Ex. A ("Deed of Trust").[2] In her Complaint, Plaintiff alleges that American Residential Mortgage Corporation ("American") was the original broker of the loan. Notice of Removal, Docket No. 1, Ex. A ("Compl.") ¶ 2. On January 12, 2009, Quality Loan Service Corporation ("Quality") became the trustee under the Deed of Trust. RJN Ex. B ("Substitution of Trustee"). Quality sent Plaintiff a notice of default, and the trustee's sale was set to occur on June 17, 2009. RJN Ex. C ("Notice of Default"); RJN Ex. D ("Notice of Trustee's Sale").

On June 5, 2009, Plaintiff filed suit in the Superior Court of California, County of San Mateo. See Compl. On June 30, 2009, Defendant removed the case to this Court because of federal questions raised in the Complaint. See Notice of Removal ¶ 3.

---

[2] Defendant submitted a request for judicial notice in support of the Motion to Dismiss. Docket No. 16. The request includes copies of the Deed of Trust, Substitution of Trustee, Notice of Default, and Notice of Trustee's Sale. These documents were recorded in the County of San Mateo Recorder's Office. All of these items are public records and properly subject to judicial notice. See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005). The Court may take judicial notice of these documents without converting the motion to dismiss into a motion for summary judgment because these documents are explicitly mentioned in, and therefore incorporated by reference into, Plaintiff's Complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). The Court GRANTS Onewest's request for judicial notice.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

## IV. DISCUSSION

### A. The Tender Rule

Defendant contends that Plaintiff has failed to state any cause of action because she has failed to allege or make actual tender of the full amount owed under the mortgage loan. Mot. at 4-5. Here, the Complaint was filed prior to the trustee's sale,

3

which was scheduled to occur on June 17, 2009. See Notice of Trustee's Sale. In her Opposition, Plaintiff states that after removal of this case, Defendants proceeded with the foreclosure, and that she intends to amend her Complaint to allege causes of action related to the wrongful foreclosure. Opp'n at 3. Neither party has requested the Court to take judicial notice of any documents showing that the foreclosure sale has occurred. If Plaintiff amends her Complaint to allege causes of action related to a wrongful foreclosure, the Court notes that she must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure. See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996) (borrower "required to allege tender of the amount of . . . [lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure"); Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (Ct. App. 1984)("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.").

**B.  Civil Conspiracy**

Plaintiff alleges that Defendant and American engaged in a conspiracy by making misrepresentations to, and concealing information from, Plaintiff, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and California Civil Code § 1916.7(c). Compl. ¶ 26.

4

A conspiracy is not an independent cause of action, but "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). Liability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy. Id. at 511. A civil conspiracy is activated by the commission of an underlying wrongful act. Id.

Here, the alleged wrongful acts underlying the conspiracy claim are violations of TILA, RESPA, and California Civil Code section 1916.7(c).[3] A TILA claim for monetary damages must be brought within one year from the date of the occurrence of the violation, 15 U.S.C. § 1640(e), and a TILA claim seeking to rescind a transaction expires three years after the date of consummation of the transaction. Id. § 1635(f). Here, Plaintiff's loan transaction was consummated on September 16, 2005. See Deed of Trust. Her lawsuit was filed over three years later on June 5, 2009. See Compl. Therefore, the TILA claim is time-barred.

Plaintiff's RESPA claim is based on an alleged failure of the lender to disclose certain documents within three business days of

---

[3] An action can be classified as in tort where the plaintiff seeks damages for violation of a statutory duty. Pintor v. Ong, 211 Cal. App. 3d 837, 841-42 (Ct. App. 1989); Young v. Bank of America, 141 Cal. App. 3d 108, 113 (Ct. App. 1983).

the loan application, including the good faith estimate, as required by 24 C.F.R. § 3500.7. Compl. ¶ 18. Plaintiff's allegations seem to be grounded in sections 2603 and 2604 of RESPA, which require lenders to make good faith estimates of charges for services in connection with real estate settlements. 12 U.S.C. §§ 2603, 2604(c). However, RESPA provides for a private right of action for claims brought under sections 2605, 2607 and 2608 only. See id. § 2614. Section 2605 concerns the servicing of mortgage loans and the administration of escrow accounts. Id. § 2605. Section 2607 prohibits kickbacks and unearned fees, and section 2608 prohibits sellers from requiring that title insurance be purchased from any particular title company. Id. §§ 2607, 2608(a).

Courts have refused to infer a private right of action under other sections of RESPA. See Bloom v. Martin, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994) (section 2603 does not imply a private right of action); Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) ("[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); Currey v. Homecomings Fin., LLC, No. 09-0276, 2009 WL 1227010, at *6 (N.D. Cal. May 1, 2009) (no private right of action exists under section 2603 or 2604). Therefore, assuming Plaintiff meant to allege a violation of sections 2603 or 2604, Plaintiff fails to state a claim upon which relief may be granted.

With regard to California Civil Code section 1916.7, Plaintiff alleges that she was not given the proper notice regarding her adjustable interest rate. Compl. ¶ 21. However,

1 section 1916.7 applies only to mortgage loans made pursuant to it.
2 Cal. Civ. Code § 1916.7(b). Plaintiff has not alleged facts
3 showing that section 1916.7 applied to her loan. Also, the Deed
4 of Trust includes an "Adjustable Rate Rider" that describes in
5 detail the terms of the adjustable rate loan. See Deed of Trust.
6 Finally, in her Opposition, Plaintiff points out she alleges
7 fraud. However, as explained below, her fraud claim is not
8 alleged with the requisite particularity, see Section IV.H, infra.
9 Because Plaintiff cannot allege a wrongful act based on fraud,
10 TILA, RESPA, or California Civil Code section 1916.7, her first
11 cause of action for civil conspiracy is DISMISSED as to Onewest
12 and American WITH LEAVE TO AMEND.

### C. Aiding and Abetting

14 After citing the legal standard for aiding and abetting
15 liability, Plaintiff alleges that Onewest had actual knowledge of
16 American's fraudulent acts, and that Onewest substantially
17 assisted American's fraudulent practices. Compl. ¶¶ 31-33.
18 Plaintiff also states that Onewest failed to provide proper
19 disclosures, failed to inform Plaintiff that American charged a
20 yield spread premium, and falsified Plaintiff's income. Id. ¶ 33.
21 Aider and abettor liability may be imposed on one who aids
22 and abets the commission of an intentional tort, if the person
23 knows the other's conduct constitutes a breach of a duty, and
24 gives substantial assistance or encouragement to the other. In re
25 First Alliance Mortg. Co., 471 F.3d 977, 992-93 (9th Cir. 2006).
26 Here, Plaintiff's allegations are wholly conclusory, and Plaintiff
27 does not explain how Onewest's conduct shows knowledge of

7

1 American's allegedly fraudulent conduct, or how Onewest provided
2 substantial assistance or encouragement to American to commit
3 fraud. Vague allegations and mere labels and conclusions are
4 insufficient to withstand a motion to dismiss. See Twombly, 550
5 U.S. at 555. Plaintiff's second cause of action for aiding and
6 abetting is DISMISSED as to Onewest WITH LEAVE TO AMEND.

**D.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's third cause of action alleges that all Defendants breached the implied covenant of good faith and fair dealing. Compl. ¶¶ 35-41. The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp. 47 Cal. 3d 654, 683-84 (1988). Here, Plaintiff's Complaint does not allege a contract between herself and Onewest. In her Opposition, Plaintiff seeks leave to amend this cause of action to allege a contractual relationship. Opp'n at 5. Accordingly, the Court DISMISSES Plaintiff's third cause of action as to all Defendants WITH LEAVE TO AMEND.

**E.  Violation of California Civil Code Sections 1920 and 1921**

Plaintiff alleges that Onewest and American violated California Civil Code section 1920 by "failing to meet the requirements of an adjustable rate mortgage instrument," and she alleges they violated section 1921 by failing to meet "the requirements for disclosure of information and connections with an adjustable rate mortgage instrument." Compl. ¶ 50. These

8

allegations are far too vague and conclusory to survive a motion to dismiss. Both sections 1920 and 1921 contain multiple requirements, but the Complaint does not state those requirements, and it does not describe the conduct of Defendants that constitutes a violation of any specific requirement. Plaintiff's fifth cause of action is DISMISSED as to Onewest and American WITH LEAVE TO AMEND.

### F.  Violation of California Civil Code Section 1916.7

As explained in Section IV.B, supra, Plaintiff has failed to state a claim for violation of the requirements of California Civil Code Section 1916.7. Plaintiff's sixth cause of action is DISMISSED as to Onewest and American WITH LEAVE TO AMEND.

### G.  Unfair Business Practices

Plaintiff's seventh cause of action alleges that American and Onewest violated California Business and Professions Code sections 17200 et seq., which prohibits unlawful, unfair or fraudulent business acts or practices. Compl. ¶¶ 57-62. This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Ct. App. 1993).

Plaintiff alleges that American and Onewest's unfair business practices included:

> making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; putting Plaintiff in a loan she could not afford; making loans without providing

9

>  borrowers with sufficient, accurate and understandable information regarding the nature and extend of the financial risk being assumed by the borrower; failing to follow proper underwriting standards, and charging Plaintiff an undisclosed Yield Spread Premium.

Compl. ¶ 60. Plaintiff makes no effort to specify which of these allegations apply to Onewest as opposed to American, and Plaintiff does not explain how these allegations are tied to a violation of any specific law or statute. In her Opposition, Plaintiff clarifies that these allegations form the basis for her fraud cause of action. Opp'n at 7. Since the Court dismisses Plaintiff's fraud claim, see Section IV.H, infra, the Court also DISMISSES Plaintiff's Unfair Business Practices cause of action WITH LEAVE TO AMEND.

### H. Fraud

Plaintiff alleges that Onewest and American "committed fraud by misrepresenting the true loan amount of the $800,000 1st mortgage, and $386,550 2nd mortgage." Compl. ¶ 65. Yet according to the allegations earlier in the Complaint, and the Deed of Trust, Plaintiff entered into one mortgage loan for $497,000. Compl. ¶ 1; Deed of Trust. Plaintiff also seeks to ground her fraud allegations in TILA and RESPA violations. Compl. ¶ 66.

The Court has already explained why Plaintiff has not stated a claim under either TILA or RESPA. See Section IV.B, supra. Plaintiff alleges that Onewest and American further engaged in fraud by falsifying Plaintiff's income and purposely failing to investigate whether Plaintiff could afford the loan. Compl. ¶ 67. The Court finds that these allegations are not stated with enough

1  particularity to pass muster under Federal Rule of Civil Procedure
2  9(b).  Plaintiff fails to differentiate between Onewest and
3  American, making it impossible for the Court to "identify the role
4  of each defendant in the alleged fraudulent scheme."  Swartz v.
5  KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (quoting Moore v.
6  Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989)).
7  The Court DISMISSES Plaintiff's Eighth Cause of Action for Fraud
8  as to Onewest and American WITH LEAVE TO AMEND.

### I. Breach of Fiduciary Duty and Negligence

Plaintiff's ninth cause of action is for breach of fiduciary duty and the tenth cause of action is for negligence.  Compl. ¶¶ 74-89.  Defendant moves to dismiss both causes of action, Mot. to Dismiss at 12-13, and Plaintiff does not oppose Defendant's efforts, Opp'n at 8.  Banks do not owe a fiduciary duty to their borrowers.  Kim v. Sumitomo Bank, 17 Cal. App. 4th 974, 979-81 (1993); Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989).  Also, "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991).  The Court DISMISSES the ninth and tenth causes of action as to Onewest WITHOUT LEAVE TO AMEND.

### J. Declaratory Relief

As her eleventh cause of action, Plaintiff seeks declaratory relief.  Compl. ¶¶ 90-95.  As this "cause of action" is ultimately a request for relief, in order to weigh it the Court must look to

the underlying claims. See <u>Weiner v. Klais and Co., Inc.</u>, 108 F.3d 86, 92 (6th Cir. 1997). Here, the Court has dismissed all of the potential underlying claims. Accordingly, the Court DISMISSES the eleventh cause of action as to both Onewest and Quality WITH LEAVE TO AMEND.

### K. Unjust Enrichment

To plead a claim for unjust enrichment, a plaintiff must allege that defendant received a benefit that was unjustly retained at the expense of another. <u>Lechtrodryer v. Seoul Bank</u>, 77 Cal. App. 4th 723, 726 (Ct. App. 2000). Ordinarily, a plaintiff must show that the benefit was conferred on the defendant through mistake, fraud or coercion. <u>Nebbi Bros., Inc. v. Home Federal Sav. & Loan Ass'n</u>, 205 Cal. App. 3d 1415, 1422 (Ct. App. 1988).

In this case, Plaintiff relies on a statement made in her fraud claim that Defendants engaged in deceptive practices, and that her consent to the loan was obtained through mistake and fraud. Opp'n at 8; Compl. ¶ 68. Plaintiff further alleges a right to rescind the loan. Compl. ¶ 97. The Court has already determined that Plaintiff's fraud claim is not stated with the requisite particularity, and Plaintiff has failed to adequately allege a single cause of action giving rise to a right of rescission. The Court finds that Plaintiff's unjust enrichment claim must be DISMISSED WITH LEAVE TO AMEND.

### L. Quiet Title

Plaintiff's thirteenth cause of action seeks to quiet title against the claims of all Defendants. Comp. ¶¶ 100-102. To state

12

a claim for quiet title, Plaintiff must include the following in her Complaint:

> (a) A description of the property that is the subject of the action. . . . (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . . (c) The adverse claims to the title of the plaintiff against which a determination is sought. (d) The date as of which the determination is sought. . . . (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Civ. Proc. Code § 761.020. Perhaps acknowledging the deficiencies of her Complaint, Plaintiff requests leave to amend her quiet title claim. Opp'n at 8. Accordingly, the Court DISMISSES the quiet title claim WITH LEAVE TO AMEND.

### M. Injunctive Relief

Onewest moves to dismiss Plaintiff's fourteenth cause of action for injunctive relief. Motion to Dismiss at 17-18. A request for injunctive relief is not an independent cause of action. Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (Ct. App. 1942). Plaintiff does not oppose Defendant's motion to dismiss the request for injunctive relief, and Plaintiff states her request for an injunction is moot because the foreclosure sale has already occurred. Opp'n at 9. The Court DISMISSES Plaintiff's request for an injunction WITHOUT LEAVE TO AMEND.

///
///
///
///
///

*United States District Court — For the Northern District of California*

**V.     CONCLUSION**

For the reasons stated above, the Court DISMISSES the following causes of action:

1) The first cause of action for civil conspiracy is DISMISSED as to Onewest and American WITH LEAVE TO AMEND;

2) The second cause of action for aiding and abetting is DISMISSED as to Onewest WITH LEAVE TO AMEND;

3) The third cause of action for breach of the implied covenant of good faith and fair dealing is DISMISSED as to all Defendants WITH LEAVE TO AMEND;

4) The fifth cause of action for violation of California Civil Code sections 1920 and 1921 is DISMISSED as to Onewest and American WITH LEAVE TO AMEND;

5) The sixth cause of action for violation of California Civil Code section 1916.7 is DISMISSED as to Onewest and American WITH LEAVE TO AMEND;

6) The seventh cause of action for unfair business practices is DISMISSED as to American and Onewest WITH LEAVE TO AMEND;

7) The eighth cause of action for fraud is DISMISSED as to Onewest and American WITH LEAVE TO AMEND;

8) The ninth and tenth causes of action for breach of fiduciary duty and negligence are DISMISSED as to all Defendants WITHOUT LEAVE TO AMEND;

9) The eleventh cause of action for declaratory relief is DISMISSED as to Onewest and Quality WITH LEAVE TO AMEND;

14

10) The twelfth cause of action for unjust enrichment is DISMISSED as to Onewest WITH LEAVE TO AMEND;
11) The thirteenth cause of action seeking to quiet title is DISMISSED as to all Defendants WITH LEAVE TO AMEND;
12) The fourteenth cause of action seeking injunctive relief is DISMISSED WITHOUT LEAVE TO AMEND.

If Plaintiff chooses to amend her Complaint, she must do so within thirty (30) days from the date of this Order.

IT IS SO ORDERED.

September 16, 2009

_____
UNITED STATES DISTRICT JUDGE

15