REUBEN L. NOCOS, ESQ. [SBN 238011]
Nocos Law Firm, A Professional Corporation
1900 S. Norfolk St., Ste. 350
San Mateo, CA 94403
Phone: (650) 320-1747
Fax:    (650) 577-2343
rlnocos@nocoslaw.com

Attorneys for Plaintiff
ANNABELLA BRITTAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNABELLA BRITTAIN<br><br>         Plaintiff,<br><br>    vs.<br><br>INDYMAC BANK, FSB a business entity, form unknown; AMERICAN RESIDENTIAL, a business entity, form unknown; QUALITY LOAN SERVICE CORP., a business entity form unknown; and DOES 1 through 25, inclusive,<br><br>         Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>1.  CIVIL CONSPIRACY;<br>2.  AIDING AND ABETTING;<br>3.  CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>4.  VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 50701;<br>5.  VIOLATION OF CALIFORNIA CIVIL CODE §§ 1920-1921;<br>6.  VIOLATION OF CALIFORNIA CIVIL CODE § 1916.7;<br>7.  UNFAIR BUSINESS PRACTICES;<br>8.  FRAUD;<br>9.  BREACH OF FIDUCIARY DUTY;<br>10. NEGLIGENCE.<br>11. DECLARATORY RELIEF<br>12. UNJUST ENRICHMENT<br>13. QUIET TITLE<br>14. INJUNCTIVE RELIEF |

Plaintiff, ANNABELLA BRITTAIN complains against Defendants, and each of them, as follows:

**PARTIES**

1.  At all times relevant herein, Plaintiff, ANNABELLA BRITTAIN ("Plaintiff") is and was a resident of San Mateo County, California.  She resides at her home at 340 Vallejo Drive

#78, Millbrae, CA 94030 ("Subject Property").  Plaintiff is a Trustor of a Deed of Trust executed on September 16, 2005 purportedly securing a Promissory Note in the amount of $497,000.00 purportedly executed on or about the same time.

2. Defendant ONEWEST BANK, FSB formerly known as INDYMAC BANK, FSB ("ONEWEST") is a business entity, form unknown, purporting to be authorized to conduct business in the State of California.  ONEWEST's corporate headquarters as listed on the company's website are located at 888 East Walnut Street, Pasadena CA 91101.  ONEWEST conducts business in California and within the County of San Mateo, California on a regular basis. Plaintiff is informed and believes, and on that basis alleges that ONEWEST's predecessor in interest, INDYMAC BANK, FSB was the "lender" on the Deed of Trust.

3.  Defendant QUALITY LOAN SERVICE CORP. ("QUALITY") is, and at all times mentioned herein was, a California corporation doing business in the State of California and the County of San Mateo.  QUALITY's business address as listed with the California Secretary of State is 2141 5th Avenue, San Diego, CA 92101.  It's agent for service of process is listed as Kevin McCarthy, 2141 5th Avenue, San Diego, CA 92101.  Upon information and belief, QUALITY was the "trustee" of Plaintiff's loan who filed a Notice of Default and Notice of Trustee Sale with the County recorder regarding the subject property.

4.  Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Delaware corporation and acted as Nominee for the Lender on the Deed of Trust. MERS was also listed as the beneficiary under the Deed of Trust.  Plaintiff is informed and believes and on that basis alleges that MERS is not registered with the Secretary of State of California and may not, therefore, transact business in the state of California.  Plaintiff is further informed and believes and upon such information and belief alleges MERS sells a variety of services to mortgage loan originators and lenders who have or are doing business in the State of California including the "registration" of mortgage loans originated or funded by such parties. MERS is not and has never provided consideration to Plaintiff or, based upon Plaintiff's

information and belief, to ANY borrower in the state of California and thus MERS could never properly be the beneficiary under ANY California Deed of Trust.  Further, MERS has sold and continues to sell its services and charge "members" for such services in the state of California. Plaintiff alleges the sale of such services including "memberships" constitutes intrastate business and, accordingly, Plaintiff alleges MERS is required by California law to be registered with the Secretary of State of California and that any actions it has taken in the state of California are without legal force or effect.

5.  The true names and capacities of Defendant DOES 1-25, inclusive, are unknown to Plaintiff, and are therefore sued by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges that each fictitiously named herein as a DOE is responsible for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendant when ascertained.

6.  Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, the unknown Defendants, are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers, and co-conspirators of each and every other named or unnamed Defendant in this Complaint.  Plaintiff is informed and believes, and on that basis alleges that each of such Defendants are, and at all relevant times herein, were acting within the scope of their authority as such agents, employees, or alter-egos with permission and consent of the remaining named and unnamed Defendants.

7. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

**DEMAND FOR JURY**

8. Plaintiff demands a jury trial on all issues in this First Amended Complaint.

**FACTUAL ALLEGATIONS**

9. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as fully set forth herein.

10. Plaintiff sought to refinance her loan on the Subject Property. She enlisted the help of Bayview Financial, a local mortgage broker. Although Plaintiff provided financial information for the loan application, her loan was processed as a stated income loan.

11. The loan closed sometime in the middle of September 2005. Plaintiff was asked to sign a stack of loan documents, but was not given enough opportunity to review them.

12. Plaintiff executed a Deed of Trust dated September 16, 2005 securing a Promissory Note in the amount of $497,000.00 purportedly executed on or about the same time as the Deed of Trust. Defendant ONE WEST's predecessor in interest, IndyMac Bank, FSB was identified as the Lender on the Deed of Trust and MERS was identified as the beneficiary. However, this statement is, effectively nullified in the same Deed of Trust by MERS being defined as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." A true and correct copy of the recorded Deed of Trust is attached hereto as **Exhibit A**.

13. Unbeknownst to Plaintiff the Deed of Trust included substantial language which constituted an Addendum to the Note and, the purported Deed of Trust also constituted a contract by which Plaintiff agreed to permit Defendants to separate the beneficial interest in the Deed of Trust from the Promissory Note but failed to advise Plaintiff such a bifurcation was purportedly a contractual term of the Deed of Trust, that it was contrary to longstanding California law or without legal force or effect.

14. Plaintiff also was not properly informed of the true cost of the loan. This was a negative amortization loan, but Plaintiff was not properly advised that her minimum payment was not enough to cover the amortized payment of the loan.

15. Because the payments were too much for Plaintiff, she stopped making payments and a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was caused to

be recorded by Quality Loan Service Corp. on behalf of Indymac Bank, FSB.  The Notice of Default was executed on January 12, 2009 and recorded on January 13, 2009 with the San Mateo County Recorder's Office.  A true and correct copy of the recorded Notice of Default and Election Sell Under Deed of Trust is attached hereto as **Exhibit B**

16. The Notice of Default instructs the Trustor (Plaintiff) interested in finding out the amount to be paid, or "to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: ¶ Indymac Bank FSB ¶ C/O Quality Loan Service."

17. The Notice of Default also purports to comply with California Civil Code section 2923.5 by including a purported Declaration that "[t]he Beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 29235.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of §2923.5."

18. On February 11, 2009, Erica A. Johnson-Seck, a "Vice-President" of MERS purportedly appeared before Josie Salazar a Texas Notary to execute an "Assignment of Deed of Trust."  The Assignment of Deed of Trust was purportedly executed on January 10, 2009 – a date that predates the execution and recording of the Notice of Default.  However, the notary, Josie Salazar indicated on the Acknowledgment that Ms. Johnson-Seck did not appear before Ms. Salazar to execute the Assignment of Deed of Trust until February 11, 2009.  Plaintiff, on information and belief, alleges that the date this Assignment of Deed of Trust was actually executed was the date indicated by the Notary on the acknowledgement. This purported Assignment of Deed of Trust was recorded with the San Mateo County Clerk Recorder's Office on February 23, 2009.  A true and correct copy of the recorded Assignment of Deed of Trust is attached hereto as **Exhibit C**.

19. On January 12, 2009, Liquenda Alloy, a purported "VP" of IndyMac Federal Bank FSB purportedly executes a Substitution of Trustee to substitute Defendant QUALITY LOAN SERVICE as the new Trustee under the Deed of Trust.  This purported Substitution of Trustee was recorded with the San Mateo County Clerk Recorder's Office on February 25, 2009.  A true and correct copy of the recorded Substitution of Trustee is attached hereto as **Exhibit D**.

20. On June 2, 2009, Defendant QUALITY caused to be recorded a Notice of Trustee's Sale with the San Mateo County Recorder's Office. A true and correct copy of the recorded Notice of Trustee's Sale is attached hereto as **Exhibit F**.

21. The Trustee's Sale occurred on July 20, 2009. The purchaser of the Subject Property at the auction was Defendant ONE WEST and was named the grantee on a Trustee's Deed Upon Sale recorded on July 24, 2009.

22. The Trustee's Deed Upon Sale was executed on July 21, 2009 by Karla Sanchez, as Assistant Secretary to Quality Loan Service Corporation. However, the notary, D.E. Turner indicated on the Acknowledgment that Ms. Sanchez did not appear before the notary to execute the Trustee's Deed Upon Sale until July 22, 2009. Plaintiff, on information and belief, alleges that the Trustee's Deed Upon Sale was not executed before the Notary as indicated. A true and correct copy of the recorded Trustee's Deed Upon Sale is attached hereto as **Exhibit E.**

### FIRST CAUSE OF ACTION
### Fraud
(Against ONEWEST and MERS)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. ONEWEST and MERS, and, based upon information and belief, one or more of the Doe defendants (collectively, the "Lender Defendants") prepared or knew the contents of each of the purported loan documents Plaintiff was given to sign. The Lender Defendants knew or helped ensure Plaintiff would have no opportunity to read or review any of the documents. The loan documents were "Uniform" documents and none of the language contained in the documents was negotiable. Plaintiff was given the tacit option of "taking or leaving" the loan documents as they were since none of the language was negotiable. The Lender Defendants knew that at least one of the purported loan documents was mislabelled. Specifically, the Lender Defendants knew the document titled "Deed of Trust" in fact included substantial and material payment terms that rendered the document an Addendum to the Note. Lender Defendants had

already provided other Addenda to the Note which documents were labelled as such.  The payment terms contained in the Deed of Trust do not appear in the Note or any documented labelled an Addendum to the Note.  Accordingly Lender Defendants misrepresented not only the terms but the nature of the nominal Deed of Trust.  Plaintiff, already deprived of any opportunity to read any of the documents tendered by the Lender Defendants, had no reason to believe the nominal Deed of Trust was anything other than a Deed of Trust.  The inclusion of material payment terms in the purported Deed of Trust resulted in the Deed of Trust being something other than a Deed of Trust and, as such, Plaintiff's execution of the nominal Deed of Trust constituted fraud in the execution of the document.

25.  Plaintiff was provided with a purported Note and at least one nominal "Addenda" to the Note.  Plaintiff was not advised at any time that, in fact, material payment terms were also set forth in the document labelled "Deed of Trust."  Plaintiff had no reason to believe that terms of the Note were set forth in the Deed of Trust and would have reasonably believed that the "Note" and nominal addenda thereto constituted the only documents setting forth his payment obligations.  In fact the "Note" and addenda thereto were NOT the documents which included all of his payment obligations.  Lender Defendants represented to Plaintiff that the Note and addenda thereto set forth all of his payment obligations.  Such representations were false.  Accordingly, by securing Plaintiff's signature on the purported Note and nominal addenda thereto Plaintiff's execution of such documents constituted fraud in the execution of the documents since they were not, in fact, the "Note."  As a result, the Promissory Note and Deed of Trust were void *ab initio*.

26.  The misrepresentations set forth herein included, amongst others, misrepresentations that:

- The Deed of Trust was ONLY a Deed of Trust and was NOT an addendum to the Note or contract permitting MERS to act as Beneficiary of the Deed of Trust despite the fact it was not the lender;
- The Note and addenda thereto constituted the only documents setting forth the payment terms of the obligation evidenced by the Note;

- That Plaintiff did, in fact, have sufficient income to make ALL payments called for in the Note and addenda thereto.
- That the loan represented by the documents was the best loan available for Plaintiff and was being provided to Plaintiff because the terms were in Plaintiff's best interests.

Such misrepresentations were made to Plaintiff by defendants who made them with full knowledge of their falsity and made them for the express purpose of inducing Plaintiff to rely on their representations and execute the loan documents. These representations were made by, among others, employees and agents of ONEWEST and MERS at loan closing and at the dates when the recorded instruments (Deed of Trust) were recorded.

27. Plaintiff, strictly in reliance on the representations made by the Lender Defendants set forth above and by their tender of the loan documents and absent any disclosure from any of the Lender Defendants to the contrary thereafter, believed the Deed of Trust was only a Deed of Trust, the Note and addenda thereto were the only documents setting forth the payment terms for the obligation represented by the Note and that he could make the payments called for in the loan documents. Plaintiff, based upon such belief did, in fact, execute the loan documents and made the minimum payments called for in the loan documents believing such payments were reducing the outstanding loan balances of the loan. Had Plaintiff known of Lender Defendant's misrepresentations she would NOT have executed the loan documents.

28. Plaintiff, as a direct and proximate result of his reliance on Lender Defendants' misrepresentation, has been injured in an amount to be determined at trial.

29. The conduct of defendants, and each of them, as herein described, was so vile, base, contemptible, miserable, wretched and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish defendants and to deter others from engaging in similar conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

//
//

## SECOND CAUSE OF ACTION
### To Void Contract
(Against ONE WEST and MERS)

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Plaintiff alleges, as set forth, supra, that the Deed included terms which were inconsistent with a Deed of Trust and, as such, the nature of the document which was represented to Plaintiff as a Deed of Trust was not, in fact, a Deed of Trust. Accordingly, the Deed of Trust was void at its inception.

32. Plaintiff alleges that the Promissory Note, in that material terms of such document were concealed in documents other than the Promissory Note or identified as Addenda thereto was not, in fact, a Promissory Note as it did not recite all of Plaintiff's obligations as to payments. Accordingly, the Note was void at its inception.

33. Further, the Defendants together with any of the Doe defendants claiming to be a holder in due course of the Promissory Note knew, or should have known, Plaintiff could have never performed according to the terms of the Promissory Note. Plaintiff made no actual representation the income set forth in either of the loan application was, in fact, her income nor could the Defendants, who prepared or were otherwise aware they or their agents had prepared the loan applications, presume Plaintiff's income was as set forth in the loan application because they or their agents and not Plaintiff had prepared the loan applications. None of the defendants made any attempt to verify the income information set forth in the Applications.

34. Given, at the time the loan documents were executed by Plaintiff, there was no basis for the Defendants to believe Plaintiff had any ability to make the payments called for in the loan documents and that the true nature of both the Promissory Note and Deed of Trust were concealed from Plaintiff such documents were void at the time of their execution and an order so stating should be issued by the court.

WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**To Void and Cancel Deed of Trust**
(Against all ONEWEST and MERS)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiff is the fee owner of the Subject Property.

37. ONEWEST and MERS, as well as one or more of the Doe defendants are named as or claim to be parties to the Deed of Trust which, per their express terms, secure the loan.

38. The Deed of Trust, as set forth above, contained material terms which resulted in such document being an Addendum to the Promissory Note. Defendants concealed the fact the purported Deed was an Addendum to the Promissory Note from Plaintiff. The Deed of Trust, as set forth above and per representations made by one of the Defendants in pleadings already on file with the court, also constituted a contract by which Plaintiff, without his knowledge or informed consent, permitted MERS, an unregistered corporation unlawfully conducting business in the state of California by selling memberships and services in the state of California, to serve as Beneficiary of the Deed of Trust despite the fact it was not a party to the loan.

39. On or about September 16, 2005, Plaintiff as Trustor and/or Grantor executed the nominal Deed of Trust referenced above believing it to be only a Deed of Trust and not an Addendum to the Promissory Note or, as represented by one of the defendants in pleadings before several courts in the United States, a contract with MERS allowing the beneficial interest of the nominal Deed of Trust to be separated from the obligation the document purportedly secured.

40. The Deed of Trust is void because the specific terms of the Deed were inconsistent with the nature of a Deed of Trust, as set forth more fully, above and Plaintiff was fraudulently induced into entering into and making payments called for in the loan by the defendants named herein and one or more of the Doe defendants.

41. Plaintiff is therefore entitled to have the Deed of Trust adjudged void and without legal force or effect as it is a legal nullity and was void *ab initio*.

WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**Wrongful Foreclosure – Violation of California Civil Code Sections 2923.5.**
(Against QUALITY, ONEWEST and MERS)

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. A non-judicial foreclosure sale under the power-of-sale in a deed of trust or mortgage must be conducted in strict compliance with its provisions and applicable statutory law. A trustee's powers and rights are limited to those set forth in the deed of trust and laws applicable thereto.

44. California Civil Code section 2923.5 is a part of the provisions governing a non-judicial foreclosure sale.

45. The California Legislature enacted 2923.5 (b) primarily to implement an extra effort that must be followed before foreclosing on owner-occupied residences securing loans made between January 1, 2003, and December 31, 2007; criteria that applies exactly to Plaintiff's Subject Property and Refinance Loan.

46. Section 2923.5(b), as enacted, requires that for any non-judicial foreclosure sale of real property, that any mortgagee, beneficiary or its authorized agent must demonstrate by declaration that it has made due diligence efforts to contact the borrower. Section 2923.5 also requires upon contact with the borrower that there be an offer of opportunity to discuss and explore alternatives to foreclosure and that there be a 30 day grace period after such discussion before the recording of any Notice of Default.

47. Section 2923.5 (b) requires a declaration of due diligence contact efforts to be included within the Notice of Default prior to any recording. The language requiring the declaration is not permissive, stating that such notice "shall include a declaration."

48. The Notice of Default at issue also fails to comply with California Civil Code section 2923.5. The declaration states that "[t]he Beneficiary or its designated agent declares that it has

contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 29235.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of §2923.5." The Declaration is signed by "Kevin Frost Authorized Agent" under the heading, "Quality Loan Service Corp., as AGENT FOR BENEFICIARY ¶ BY: LSI Title Company."

49.  That the Declaration was not executed properly, it was executed by someone who had no personal knowledge of any purported efforts to comply with section 2923.5, it was not signed under penalty of perjury pursuant to California Code of Civil Procedure section 2015.5, and it was stated in a legal conclusion. In addition, it is unclear who actually signed the Declaration and whether this person had authority to sign for the purported beneficiary.

50.  Plaintiff is informed and believes and upon such bases alleges that evidence will likely support that the servicing company held the responsibility for making the 2923.5 declaration, and can only be said to have indirectly appointed CAL-WESTERN, if such appointment were to be somehow valid.

51.  Even if the party signing the declaration were to offer some proof of color of authority, the Declaration is overly broad. It completely fails to state what party made or failed to make what contact with Plaintiff, providing no opportunity for Plaintiff to assess the accuracy of the Declaration or for the People of the State California to determine that the legislature's wish to afford extra-protection prior to a foreclosure sale has been met. It is simply a blanket assertion that attempts to say more by saying less.

52.  Because the section 2923.5 declaration is (i) overly broad and (ii) attested to by a party who had no personal knowledge about any attempts or efforts to contact the Plaintiff, or

any connection (iii) to a party who held such knowledge the Declaration fails and the Notice of Default must fail with it.

WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**Wrongful Foreclosure – Violation of California Civil Code Sections 2924, et seq.**
(Against QUALITY, ONEWEST and MERS)

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. California Civil Code §§ 2924 through 2924(k) provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. This comprehensive statutory scheme has three purposes: *"(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser."* (Emphasis added). (Melendrez v. D & I Investment, Inc. (2005) 127 Cal.App.4th 1238, 1249–1250 [26 Cal. Rptr. 3D 413]). The foreclosure proceedings at issue fail on all three prongs.

55. The foreclosure proceeding had not been conducted by a true creditor/beneficiary and thus the first prong is not satisfied. In addition, this proceeding did not ensure that the conducted sale will be final and conclusive as to a potential bona fide purchaser, which is required by the third prong. The wrongful foreclosure proceeding failed to satisfy the second prong as it did not protect the trustor from the wrongful loss of her property.

56. The foreclosure sale at issue was not conducted properly under the current statutory regime and the terms of the Deed of Trust. Thus, such an improper foreclosure resulted in violation of the third prong and in addition definitely resulted in wrongful loss of property, from which debtor/trustor was to be protected as provisioned in second prong.

57. Defendants were not the proper parties and were and are not authorized to initiate and conduct the foreclosure sale at issue under California law. California Civil Code § 2924c

provides that, among other things, a proper Notice of Default shall contain the contact information for the current beneficiary or mortgagee of the loan.[1] California Civil Code § 2924f requires that the Notice of Sale contain "the name and address of the beneficiary at whose request the sale is to be conducted."

58. Further, California Civil Code section 2924(a) provides that the power of sale may not be exercised unless the trustee, beneficiary or authorized agents records a Notice of Default.[2] Civil Code section 2924(a)(1)(C) is even more strict in that its mandatory language only empowers the beneficiary, and only the beneficiary to elect to sell or cause the property to be sold.[3]

59. Plaintiff alleges that at the time the Notice of Default was recorded, ONEWEST's predecessor in interest had not been properly assigned the Deed of Trust and could not elect to sell or to cause its agent to record the Notice of Default or declare a default and election to sell.

---

[1] "To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

_____
**(Name of beneficiary or mortgagee)**
_____
(Mailing address)

_____
(Telephone)"
(emphasis added). Cal. Civ. Code § 2924c.

[2] California Civil Code § 2924(a) provides in relevant part:

"…the power of sale shall not be exercised….until all of the following apply: ¶ 2924(a)(1): The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default."

[3] Section 2924(a)(1)(C) states that the Notice of Default "shall" include:

"A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default."

60. Plaintiff further points out that the foregoing California sections governing non-judicial sale shall be strictly construed. Read together, these sections are clearly meant to protect borrower/consumer rights by introducing certain transparency requirements. In other words, compliance with these sections assures that the real party in interest (who really suffers an injury from borrower's failure to pay) is known to the borrower. The Notice of Default at issue provides contact information for "Indymac Bank FSB ¶ C/O Quality Loan Service." even though at the time of the recording of the Notice of Default and Election to Sell Under Deed of Trust, IndyMac Bank, FS was not the Beneficiary under the Deed of Trust. As alleged above, IndyMac was not the beneficiary under the Deed of Trust. The purported Assignment of Deed of Trust is suspect. As such, this information is a misrepresentation as to the current beneficiary to which the debt is owed.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
### Set Aside Sale
(Against All Defendants)

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. Plaintiff is, now and at all times relevant to this Complaint, the owner of the Subject Property.

63. Defendant ONEWEST claims to be the owner, by virtue of a Trustee's Deed Upon Sale purportedly recorded with the San Mateo County Recorder's Office on July 24, 2009 and a subsequent Trustee's Deed Upon Sale.

64. The trustee's sales conducted by ONEWEST and QUALITY were improperly held and the Trustee's Deed was wrongfully executed, delivered and recorded in that there was no strict compliance with California Civil Code sections 2924 et seq. and Civil Code section 2923.4 as alleged herein and in violation of the duties and obligations of ONE WEST as Beneficiary and QUALITY as trustee to Plaintiff, and to Plaintiff's loss and damage in that Plaintiff has been wrongfully deprived of the legal title to the Subject Property by forfeiture.

## FIFTH CAUSE OF ACTION
### Cancel Trustee's Deed
(Against All Defendants)

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Defendant ONEWEST claims an estate or interest in the Subject Property adverse to that of Plaintiff, but Defendant ONEWEST's claims are without any right; ONE WEST has no estate, right, title, or interest in the Subject Property.

67. The claims of ONEWEST are based on the Trustee's Deed, purporting to be executed by QUALITY and purporting to convey the Subject Property to ONEWEST.

68. Although the Trustee's Deed appears valid on its face, it is invalid, void and of no force or effect regarding Plaintiffs' interest in the Subject Property for the reasons set forth above.

69. The interest in the Subject Property claimed by ONEWEST based on the void and invalid Trustee's Deed, is a cloud on Plaintiff's title in and to the Subject Property, restricts Plaintiff's use and enjoyment of the Subject Property, and hinders Plaintiff's right to unrestricted alienation of it.  If the Trustee's Deed is not delivered and cancelled, there is a reasonable fear that Plaintiffs will suffer serious injury.

## PRAYER

1. For a declaration that the Deed of Trust is void *ab initio*;

2. For a declaration that the Promissory Note is void *ab initio*;

3. For a declaration cancelling the Deed of Trust;

4. For a declaration cancelling the Promissory Note;

5. For a declaration setting aside the Trustee's Sale;

6. For a declaration cancelling the Trustee's Deed Upon Sale;

7. For general and special damages;

8. For punitive damages;

9. For a declaration that Plaintiff ANNABELLA BRITAIN is the prevailing party.

10. For attorney's fees and costs of suit incurred herein; and

11. For such other and further relief as the Court deems just and proper.

Dated: October 19, 2009                             /s/ Reuben L. Nocos
                                                                    Reuben L. Nocos, Esq.
                                                                    Attorney for Plaintiff
                                                                    ANNABELLA BRITTAIN

Attestation Regarding Signature: This Document is being filed electronically under my User ID and Password. I have an original signed version of this document in my office files.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed October 19, 2009 in San Mateo, California.

# VERIFICATION

I, ANNABELLA BRITTAIN, hereby declare:

I am a Plaintiff in this action. I have read the above First Amended Complaint and know that the contents are true of my knowledge, except as to the matters stated in it on my information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 19, 2009 at San Mateo, California

    /s/ ANNABELLA BRITTAIN
ANNABELLA BRITTAIN
(Original signature retained by attorney Reuben Nocos

Attestation Regarding Signature: This Document is being filed electronically under my User ID and Password. I have an original signed version of this document in my office files. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed October 19, 2009 in San Mateo, California.

    /s/ Reuben L. Nocos
Reuben L. Nocos, Esq.
Attorney for Plaintiff
Annabella Brittain