IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANNABELLA BRITTAIN,<br><br>    Plaintiff,<br><br>  v.<br><br>ONEWEST BANK, FSB, formerly known as INDYMAC BANK, FSB; QUALITY LOAN SERVICE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 09-2953 SC<br><br>ORDER GRANTING MOTION TO REMAND |

## I. INTRODUCTION

Plaintiff filed this action in Superior Court of the State of California for the County of San Mateo, alleging fourteen causes of action. See Notice of Removal ("NOR"), Docket No. 1, Ex. A ("Compl."). The Complaint included allegations that Defendants had violated a number of federal statutes, including the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulations, as well as the Truth in Lending Act ("TILA") and its implementing regulations. Id. ¶¶ 8, 18, 26, 61, 66, 91-92, 97. Defendants thereafter removed this action to federal court, citing the federal questions raised by Plaintiff's federal causes of action. NOR ¶ 3.

After removal to this Court, Defendant Onewest Bank, FSB

("Onewest") filed a motion to dismiss, and this Court dismissed much of Plaintiff's Complaint. Docket No. 17. Plaintiff thereafter submitted her First Amended Complaint ("FAC"). Docket No. 21. In the FAC, Plaintiff has scrubbed from her allegations the many references to federal statutes and regulations, which had been so liberally peppered throughout her original Complaint. The Court notes that complete diversity between the parties is lacking.

Onewest has filed another Motion to Dismiss, which is fully briefed. Docket Nos. 24, 28, 29. After the Motion to Dismiss was briefed, but before the hearing date, Plaintiff filed a Motion to Remand. Docket No. 35. Neither Onewest nor any other Defendant has submitted an opposition to the Motion to Remand. The Motion to Remand therefore stands unopposed. This Court concludes that it is well founded, and for this reason, Plaintiff's Motion to Remand is GRANTED. This Court has no jurisdiction to grant Onewest's Motion to Dismiss, and for this reason, the Motion to Dismiss is DENIED.

**II. LEGAL STANDARD**

District courts have original jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; See also U.S. Const. art. III, § 2, cl.1. For a case to be removable as a federal question, it must be a case that could have been brought in a district court because it raises substantial federal questions under 28 U.S.C. § 1331. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When all federal causes of action have been dismissed and no

other basis for original jurisdiction exists, or when an amended complaint does not present a federal question, the district court has discretion to decline supplemental jurisdiction over the remaining claims. See Id. §§ 1367(c), 1447(c); Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008); Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003). When deciding whether to retain jurisdiction under these circumstances, a district court's discretion is informed by considerations "of economy, convenience, fairness, and comity." See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966)).

**III. DISCUSSION**

**A. The FAC Presents No Federal Question**

The first question is whether remand is permissible; i.e., whether this suit still involves a substantial federal question over which this Court may assert original jurisdiction. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987). Because a plaintiff is "the master of the complaint," she "may, by eschewing claims based on federal law, choose to have the cause heard in state court." Id. at 398-99. It appears that this is what occurred in this instance, as the FAC does not include a single facial federal claim within its seven causes of action, even though Plaintiff previously asserted claims under various federal statutes.

An "independent corollary to the well-pleaded complaint rule" is that "once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. at 392. Subject matter jurisdiction may therefore still exist where a plaintiff has "artfully pled" a federal claim as a state claim. "Artful pleading exists where a plaintiff articulates an inherently federal claim in state law terms." Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998). Several of Plaintiff's causes of action, such as his second cause of action for fraud, his ninth cause of action for reformation, and his tenth cause of action for breach of the broker's duty to disclose, could also be pled as colorable federal claims. However, the fact that the federal claims would have been closely related to the state claims does not give a district court federal question jurisdiction when only state claims are pursued. Instead, the "dispositive question" is whether or not a federal statute provides the exclusive cause of action for the claims at issue. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003). This Court, and numerous other courts, have previously concluded that neither TILA nor RESPA completely preempt state law claims of the type contained in the FAC. See, e.g., Bartolome v. Homefield Fin. Inc., No. 09-7258, 2009 U.S. Dist. LEXIS 122148, *4-11 (C.D. Cal. Dec. 11, 2009); Montes v. HomEq Servicing, No. 09-5871, 2009 U.S. Dist. LEXIS 95402, *16 (C.D. Cal. Sept. 29, 2009); U.S. Nat'l Ass'n v. Almanza, No. 09-0028, 2009 U.S. Dist. LEXIS 6896, *5 n.1 (E.D. Cal. 2009); Fardella v. Downey Savs. & Loan Ass'n, No. 00-4393, 2001 U.S. Dist. LEXIS 6037, *6-7

(N.D. Cal. May 8, 2001). The Court finds no basis for concluding that Plaintiff has "artfully pled" around any necessary federal claims.

A substantial federal question might also exist where "the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041-42 (9th Cir. 2003) (citations omitted). This may occur where a substantial issue of federal law must be resolved to address a plaintiff's state causes of action. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). However, courts have typically resisted jurisdiction where interpreting a federal law is not necessary to resolving a plaintiff's claim, such as where a plaintiff's causes of action rest on several alternative theories, some of which need not implicate federal law in any way. See, e.g., Lippitt, 340 F.3d at 1042-43; Baker v. BDO Siedman, L.L.P., 390 F. Supp. 2d 919, 921 (N.D. Cal. 2005) (finding no jurisdiction where plaintiff could recover under alternate and independent theory); see also Ortega v. HomEq Servicing, No. 09-2130, 2010 U.S. Dist. LEXIS 4591, *16-18 (C.D. Cal. Jan 11, 2010) (collecting cases). This is the case in the current dispute, as Plaintiff pleads numerous alternative theories of recovery under each cause of action that could potentially implicate a federal question.

The Court finds that none of Plaintiff's remaining claims necessarily require resolution of questions of federal law. Because either Plaintiff has dropped or "the district court has dismissed all claims over which it has original jurisdiction," this

Court "may decline to exercise supplemental jurisdiction" over the remaining claims. See 28 U.S.C. § 1367(c).

**B.      Whether Continued Jurisdiction Is Appropriate**

Having concluded that this case no longer presents any substantial federal questions to anchor jurisdiction in this Court, the Court must next consider whether the factors "of economy, convenience, fairness, and comity" warrant remand or the continued exercise of supplemental jurisdiction. See Acri, 114 F.3d at 1001. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7. (1988).

In this instance, the interests of convenience and fairness weigh neither for nor against remand. The Superior Court in San Mateo is not remote from this Court, and both courts are at least competent to address the legal issues involved in this dispute. See Bader v. Elecs. for Imaging, Inc., 195 F.R.D. 659, 662 (N.D. Cal. 2000) ("[W]hile a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice.").

The consideration of comity, however, weighs strongly in favor of remand. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Where there are no remaining federal issues of jurisdictional import, the state's interest in resolving disputes over its own law is a compelling incentive to remand.

This is especially true where, as here, Plaintiff's allegations are entangled in various issues of statutory law, including the statutory scheme surrounding California's non-judicial foreclosure proceedings. Each of Plaintiff's claims are best adjudicated by a California court, and this Court risks overstepping by retaining jurisdiction of a case in which the federal interest is now minimal.

The issue of economy cuts both ways. On the one hand, Onewest currently has a motion to dismiss that is fully briefed. Remand would surely delay resolution of this motion. In addition, this Court has already addressed Onewest's earlier motion to dismiss, and is therefore acquainted with the original allegations.

On the other hand, this suit remains in its nascent stages. Plaintiff has so altered his theories of recovery that the analysis of the FAC would bear little resemblance to analysis of the original complaint; consequently, legal analysis of most of Plaintiff's claims will now need to begin at square one, regardless of the forum. In addition, the resources of the parties will also not be unreasonably taxed upon remand, as Onewest should be able to simply refile its pending motions without a substantial increase in costs. Having concluded that this matter is now best suited for resolution in state court, this Court is hesitant to expend any additional resources on these motions, or play any greater role in shaping the dispute as it moves into its next stages. The interest of economy therefore weighs in favor of remand.

Finally, the Court notes that Plaintiff's Motion to Remand remains unopposed. Defendants have failed to present any compelling reason why this Court should choose to retain

7

jurisdiction over what is now clearly a dispute over state law issues. This Court finds that the interests of comity and judicial economy support remand of this suit to the Superior Court of San Mateo County. The Court therefore declines to exercise continued supplemental jurisdiction over this matter.

## IV. CONCLUSION

This Court finds that the First Amended Complaint lacks any substantial question of federal law, and that this dispute now involves only state law issues. Having considered the interests of economy, convenience, fairness, and comity, this Court concludes that to exercise supplemental jurisdiction would be imprudent, and that remand is appropriate. Onewest's Motion to Dismiss is DENIED WITHOUT PREJUDICE for this reason. Plaintiff's unopposed Motion to Remand is GRANTED. This action is to be REMANDED to the Superior Court of California, in and for the County of San Mateo.

IT IS SO ORDERED.

Dated: March 11, 2010

UNITED STATES DISTRICT JUDGE